NICHOLAS M. WAJDA (State Bar #259178)
Attorney Email Address: nick@wadjalawgroup.com
WAJDA LAW GROUP, APC
6167 Bristol Parkway, Suite 200
Culver City, California 90230
Telephone: (310) 997-0471
Facsimile: (866) 286-8433
*Attorney for Plaintiff*

**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| ROBERT L. MILLER,<br><br>Plaintiff,<br><br>v.<br><br>UNITED COLLECTION BUREAU, INC.<br><br>Defendant. | Case No.<br><br>**COMPLAINT FOR DAMAGES**<br><br>1. **VIOLATION OF THE FAIR DEBT COLLECTION PRACTICES ACT, 15 U.S.C. §1692 *ET SEQ.;***<br><br>2. **VIOLATION OF THE ROSENTHAL FAIR DEBT COLLECTION PRACTICES ACT, CAL. CODE §1788 *ET SEQ.***<br><br>3. **VIOLATION OF REGULATION F**<br><br>**JURY TRIAL DEMANDED** |

**NOW COMES** ROBERT L. MILLER ("Plaintiff"), by and through the undersigned counsel, complaining of UNITED COLLECTION BUREAU, INC. ("Defendant") as follows:

**NATURE OF THE ACTION**

1. Plaintiff brings this action seeking redress for violations of the Fair Debt Collection Practices Act ("FDCPA") pursuant to 15 U.S.C. § 1692, violations of the Rosenthal Fair Debt Collection Practices Act ("RDFCPA") pursuant to Cal. Civ. Code §1788 and violations of Regulation F.

2. Subject matter jurisdiction is conferred upon this Court by the FDCPA and 28 U.S.C. §§1331 and 1337, as the action arises under the laws of the United States. Supplemental

1

jurisdiction exists for the state law claim pursuant to 28 U.S.C. §1367.

3. Venue is proper in this Court pursuant to 28 U.S.C. §1391 as Plaintiff resides in the Eastern District of California.

**PARTIES**

4. Plaintiff is a natural person over 18-years-of-age who, at all times relevant, resided in the Eastern District of California.

5. Defendant is a debt collection agency practicing under the laws of the state of Ohio with its principal place of business located at 5620 Southwyck Blvd, Toledo, Ohio 43614.

6. Defendant acted through its agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives and insurers at all times relevant to the instant action.

**FACTS SUPPORTING CAUSES OF ACTION**

7. Prior to the events giving rise to this action, Plaintiff had a number of back surgeries and was subsequently in and out of his hospitals with complications.

8. Plaintiff worked with a health advocate from his insurance company, Blue Cross Blue Shield, regarding his treatment and payment for said treatment.

9. Plaintiff and his health advocate made a medical plan to seek treatment from medical institutions that were in network to enable Plaintiff to meet his out of pocket and deductible payments and avoid any potential issues.

10. Unbeknownst to Plaintiff, there was an outstanding balance from the incurred medical debts ("subject debt").

11. Sometime thereafter, Defendant obtained the rights to collect the subject debt.

12. Defendant began placing numerous unsolicited telephone calls to Plaintiff's telephone number (661) XXX-1668 attempting to collect the alleged subject debt.

2

13. Right away, Plaintiff believed that the balance was incorrect as his insurance covered the costs associated with his medical treatment as he had already met his out-of-pocket deductible.

14. Plaintiff answered a telephone call from Defendant and explained that he had met his deductible and should not have a balance owed and demanded that Defendant stop contacting him.

15. Defendant, through its representative, advised Plaintiff that it is not a medical professional and that Plaintiff needed to pay the subject debt.

16. Despite Plaintiff's request that Defendant stop contacting him and that he did not owe the subject debt, Defendant continued to place frequent harassing phone calls to Plaintiff's cellular phone.

17. In total, Defendant has placed no less than 30 telephone calls to Plaintiff cellular phone since requesting all calls to cease.

18. Defendant has mainly used the phone number 805-324-8889 to place phone calls to Plaintiff's cellular phone, but upon information and belief, it may have use other phone numbers to contact Plaintiff without his consent.

19. Furthermore, Plaintiff has yet to receive any written correspondence from Defendant.

20. Plaintiff felt extremely worried that there could be negative consequences if he did not pay the subject debt, even though he knew he did not owe the alleged debt.

21. Defendant's misleading conduct has severely disrupted Plaintiff's daily life and general well-being as Plaintiff constantly feared serious consequences.

22. Concerned about the violations of his rights, Plaintiff was forced to seek the assistance of counsel to file this action to prevent Defendant from further deception in the future, thus incurring costs and expenses.

23. Defendant's wanton and malicious conduct has severely impacted Plaintiff's daily life and general well-being.

24. Plaintiff has expended time and incurred costs consulting with his attorney as a result of Defendant's harassment and abuse.

25. Plaintiff was unduly inconvenienced and harassed by Defendant's unlawful attempts to collect the subject debt.

26. Defendant's phone harassment campaign and illegal collection activities have caused Plaintiff actual harm, including but not limited to, invasion of privacy, nuisance, intrusion upon and occupation of Plaintiff's cellular telephone capacity, wasting Plaintiff's time, increased risk of personal injury resulting from the distraction caused by the phone calls, aggravation that accompanies unsolicited phone calls, harassment, emotional distress, anxiety, loss of concentration, diminished value and utility of his telephone equipment and telephone subscription services, the wear and tear caused to his cellular telephone, the loss of battery charge, the loss of battery life, and the per-kilowatt electricity costs required to recharge his cellular telephone as a result of increased usage of his telephone services.

### COUNT I – VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT

27. Plaintiff restates and realleges paragraphs 1 through 26 as though fully set forth herein.

28. Plaintiff is a "consumer" as defined by FDCPA §1692a(3).

29. Defendant is a "debt collector" as defined by §1692a(6) because its primary business is the collection of delinquent debts and it regularly collects debts and uses the mail

and/or the telephones to collect delinquent accounts allegedly owed to a third party.

30. Moreover, Defendant is a "debt collector" because it acquired rights to the subject debt after it was in alleged default. 15 U.S.C. §1692a(6).

31. The debt which Defendant is attempting to collect upon is a "debt" as defined by FDCPA §1692a(5) as it arises out of a transaction due or asserted to be owed or due to another for personal, family, or household purposes.

32. Defendant used the phone to attempt to collect the subject debt and, as such, engaged in "communications" as defined in FDCPA §1692a(2).

33. Defendant's communications to Plaintiff were made in connection with the collection of the subject debt.

34. Defendant violated 15 U.S.C. §§1692c(a)(1), d, d(5), and f through its unlawful debt collection practices.

**a. Violations of FDCPA §1692c**

35. Defendant violated §1692c(a)(1) when it continuously called Plaintiff after being notified to stop. This repeated behavior of continuously and systematically calling Plaintiff's cellular phone over and over after he demanded that it cease contacting him was harassing and abusive. Even after being told to stop contacting him and acknowledging that Plaintiff did not want to receive phone calls, Defendant continued its onslaught of phone calls with the specific goal of oppressing and abusing Plaintiff into making a payment on the subject debt.

36. Furthermore, the large volume of calls show that Defendant willfully ignored Plaintiff's pleas with the goal of annoying and harassing him into submission.

37. Defendant was notified by Plaintiff that its calls were not welcome. As such, Defendant knew that its conduct was inconvenient, unwanted, and distressing to him.

**b. Violations of FDCPA §1692d**

38. Defendant violated §1692d by engaging in abusive, harassing, and oppressive conduct by relentlessly calling Plaintiff's cellular phone seeking payment on the subject debt. Moreover, Defendant continued placing the relentless calls after Plaintiff put Defendant on notice that he wanted the calls to cease.

39. Defendant violated §1692d(5) by causing Plaintiff's cellular phone to ring repeatedly and continuously in an attempt to engage Plaintiff in conversations regarding the collection of a debt with the intent to annoy, abuse, or harass Plaintiff. Specifically, Defendant placed or caused to be placed numerous harassing phone calls to Plaintiff's cellular telephone from May 2021 through the present day.

   c. **Violations of FDCPA §1692e**

40. Defendant violated §1692e by using false, deceptive, and misleading representation in connection to collection of the subject debt. The subject debt was not owed at the time Defendant demanded payment from Plaintiff as the subject debt is not owed by Plaintiff.

41. Defendant violated §1692e(2) when it falsely misrepresented the character, amount, or legal status of the subject debt. Defendant attempted to collect the subject debt from Plaintiff despite Plaintiff no longer owing the subject debt. Defendant knew or should have known Plaintiff did not have any legal obligation to pay the subject debt. Despite having actual knowledge of error, Defendant bombarded Plaintiff to attempt to dragoon Plaintiff into paying a debt that was not owed.

42. Defendant violated §1692e(10) by making false representations and employing deceptive means to induce Plaintiff into paying the subject debt. In order to secure additional payments of the subject debt, Defendant willingly ignored the fact that the medical provider failed to bill Plaintiff correctly, so Defendant can collect on additional funds not owed.

43. As pled above, Plaintiff did not owe the alleged subject debt due to an error that was no fault of his own. Defendant knew or should have known that repercussions for collection on a

debt not owed.

**c. Violations of FDCPA §1692f**

44. Defendant violated §1692f when it unfairly and unconscionably attempted to collect a debt by continuously calling Plaintiff after Plaintiff demanded that the calls cease. Placing voluminous phone calls after becoming privy to the fact that these calls were unwanted and unconsented to is unfair and unconscionable behavior.

45. Defendant violated §1692f when it used unfair and unconscionable means to collect the subject debt. The subject debt was no longer owed at the time Defendant demanded payment, but Defendant bombarded Plaintiff with collection efforts anyway in hopes that Plaintiff would make a payment.

46. Defendant violated §1692f(1) by attempting to collect the subject debt from Plaintiff when he no longer owed the subject debt as the debt was billed in error. By operation of law, Defendant did not have a legal right to collect a debt not legally owed at the time Defendant requested additional payment.

47. Defendant had enough information to be aware that Plaintiff did not want to be contacted. Nevertheless, it persisted with its phone call campaign despite knowing that its conduct was inconvenient and harassing to Plaintiff.

48. As an experienced debt collector, Defendant knew or should have known the ramifications of collecting on a debt through incessant harassing phone calls.

49. Upon information and belief, Defendant systematically attempts to collect debts through harassing conduct and has no procedures in place to assure compliance with the FDCPA.

50. Upon information and belief, Defendant has no system in place to identify and cease collection of debts not owed.

51. As stated above, Plaintiff was severely harmed by Defendant's conduct.

**WHEREFORE**, Plaintiff, ROBERT L. MILLER, respectfully requests that this Honorable Court:

a. Declare that the practices complained of herein are unlawful and violate the aforementioned statute;

b. Award Plaintiff statutory and actual damages, in an amount to be determined at trial, for the underlying FDCPA violations;

c. Award Plaintiff costs and reasonable attorney fees as provided under 15 U.S.C. §1692k; and

d. Award any other relief as the Honorable Court deems just and proper.

### COUNT II – VIOLATIONS OF THE ROSENTHAL FAIR DEBT COLLECTION ACT

57. Plaintiff restates and realleges paragraphs 1 through 56 as though fully set forth herein.

58. Plaintiff is a "person" as defined by Cal. Civ. Code §1788.2(g).

59. The alleged subject debt is a "debt" and "consumer debt" as defined by Cal. Civ. Code § 1788.2(d) and (f).

60. Defendant is a "debt collector" as defined by Cal. Civ. Code §1788.2(c).

#### a Violations of RFDCPA §1788.11(e)

61. The RFDCPA, pursuant to Cal. Civ. Code §1788.11(e), states that a debt collector may not communicate "by telephone or in person, with the debtor with such frequency as to be unreasonable and to constitute a harassment to the debtor under the circumstances."

62. Defendant violated the RFDCPA when it continuously called Plaintiff's cellular phone after he informed them that the calls were unwanted. This repeated behavior of systematically calling Plaintiff's phone despite his oral demands was oppressive, harassing, and abusive. The repeated contacts were made with the hope that Plaintiff would make a payment on the subject debt. The frequency and volume of calls shows that Defendant willfully ignored Plaintiff's pleas with the intent of annoying and harassing him into submission.

63. As alleged above, Plaintiff was harmed by Defendant's actions and inactions.

**WHEREFORE**, Plaintiff ROBERT L. MILLER respectfully requests that this Honorable Court:

    b. Declare that the practices complained of herein are unlawful and violate the aforementioned statute;

    c. Award Plaintiff actual damages, pursuant to Cal. Civ. Code § 1788.30(a);

    d. Award Plaintiff statutory damages up to $1,000.00, pursuant to Cal. Civ. Code § 1788.30(b);

    e. Award Plaintiff costs and reasonable attorney fees as provided pursuant to Cal. Civ. Code § 1788.30(c); and

    f. Award any other relief as this Honorable Court deems just and proper.

## COUNT III - VIOLATIONS OF REGULATION F

64. Plaintiff is a "consumer" as defined by Regulation F §1006.2(e)

65. Defendant is a "third party collector" as defined by Regulation F §1006.2(i)(1).

66. The subject debt is a "debt" and a "consumer debt" as defined by Regulation F §1006.2(f) as it is an obligation, or alleged obligation, arising from a transaction for personal, family, or household purposes.

    **a. Violations of Regulation F §1006.18**

67. Plaintiff restates and realleges all paragraphs of this Complaint as through fully set forth herein.

68. Section 1006.18(b)(2) prohibits a debt collector from falsely representing "the character, amount, or legal status of any debt." 12 CFR § 1006.18(b)(2).

69. Defendant violated §1006.18(b)(2) by misrepresenting Plaintiff's legal obligation to pay subject debt despite Plaintiff not owning the subject debt and having no legal obligation to pay.

70. Defendant's deceptive and misleading behavior harmed Plaintiff and stripped him of his rights under the FDCPA and Regulation F.

71. As alleged above, Plaintiff was harmed by Defendant's inaccurate and materially misleading reporting of the alleged subject debt.

**WHEREFORE**, Plaintiff, ROBERT L. MILLER, respectfully requests that this Honorable Court:

a. Declare that the practices complained of herein are unlawful and violate the aforementioned statute, thus violating the Fair Debt Collection Practices Act;
b. Award Plaintiff statutory and actual damages, in an amount to be determined at trial, for the underlying FDCPA violations;
c. Award Plaintiff costs and reasonable attorney fees as provided under 15 U.S.C. §1692k(a)(3); and
d. Award any other relief as the Honorable Court deems just and proper.

Date: April 29, 2022                                              Respectfully submitted,

By: */s/ Nicholas M. Wajda*

NICHOLAS M. WAJDA
(State Bar #259178)
Email Address: nick@wadjalawgroup.com
WAJDA LAW GROUP, APC
6167 Bristol Parkway, Suite 200
Culver City, California 90230
Telephone: (310) 997-0471
Facsimile: (866) 286-8433
*Attorney for Plaintiff*